UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACKIE MAYBEE,

               Petitioner,               Case Number 08-12131-BC
                                                    Honorable Thomas L. Ludington

v.

JOHN OCWIEJA,

               Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION AND DIRECTING PETITIONER TO NOTIFY THE COURT IF HE WISHES TO WITHDRAW PETITION TO PURSUE UNEXHAUSTED CLAIMS**

Petitioner Jackie Maybee filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 19, 2008.  Petitioner challenges his armed robbery conviction and sentence.  On November 26, 2008, Respondent filed a response to the petition.  Now before the Court is Petitioner's motion to amend petition [Dkt. # 7] through which he seeks to add four new claims for relief to his petition.  An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Rule 15(a) of the Federal Rules of Civil Procedure provides that where, as here, a responsive pleading has been filed a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Petitioner seeks to add claims to his petition that have not been exhausted in state court.  A Michigan prisoner challenging his confinement through a habeas petition in this Court must first exhaust all available remedies in the courts of the state wherein he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  "Ordinarily, the state courts must have had the opportunity

to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). While the exhaustion requirement is not jurisdictional, *Strickland v. Washington*, 466 U.S. 668, 684, (1984), a "strong presumption" exists that all available state remedies must be exhausted before a petitioner files a petition for writ of habeas corpus. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). When faced with a motion to amend a habeas petition to include unexhausted claims, "the optimal course of action" is to deny the motion and provide the petitioner with "the option of either proceeding with . . . [the] exhausted claims or withdrawing [the] petition and pursuing [the unexhausted] claim in state court." *Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000).

Accordingly, it is **ORDERED** that Petitioner's motion to amend petition [Dkt. # 7] is **DENIED**.

It is further **ORDERED** that Petitioner is **DIRECTED** to notify the Court in writing, on or before **October 30, 2009**, if Petitioner wishes to withdraw the petition in order to return to state court to pursue his unexhausted claims. If Petitioner timely notifies the Court that he wishes to pursue his unexhausted claims, the Court will then decide whether to dismiss the petition without prejudice or stay further proceedings pending exhaustion of state court remedies. If Petitioner wishes to proceed only with the claims contained in his original petition, he need not take any action and the Court will proceed to the merits of those claims after the thirty-day time period has passed.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: September 29, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2009.

        s/Tracy A. Jacobs
        TRACY A. JACOBS