UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACKIE MAYBEE,

          Petitioner,          Case Number 08-12131-BC
                                        Honorable Thomas L. Ludington

v.

JOHN OCWIEJA,

          Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Jackie Maybee, who is incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 19, 2008. On January 25, 2007, after entering a plea of no contest in Oakland County Circuit Court, Petitioner was sentenced as a habitual offender to fifty months to thirty years imprisonment for unarmed robbery and 133 days' imprisonment for aggravated assault. On July 10, 2007, Petitioner filed a motion for resentencing on the ground that the guidelines had been incorrectly scored. The trial court denied the motion.

Petitioner then filed an application for leave to appeal to the Michigan Court of Appeals, raising the following claims:

    I.      The trial court and probation erred in scoring defendant's guidelines and relied on inaccurate information in sentencing defendant; defendant is therefore entitled to resentencing.

    II.     The court's imposition of a sentence based on facts that were not admitted by defendant violates the Fifth and Sixth Amendments of the U.S. Constitution and is contrary to *Blakely v. Washington*, *U.S. v. Booker*, and *Apprendi*.

> III. The trial court abused its sentencing discretion when it enhanced the maximum penalty from 15 years to 30 years under the habitual offender enhancement; the enhanced maximum penalty is disproportionate to seriousness of the circumstances of this offense.

The Michigan Court of Appeals denied leave to appeal. *People v. Maybee*, No. 279664 (Mich. Ct. App. Sept. 27, 2007). Petitioner raised the same claims in an application for leave to appeal to the Michigan Supreme Court, and leave was denied. *People v. Maybee*, 743 N.W.2d 39 (table) (Mich. Jan. 8, 2008). Petitioner then filed the pending petition for a writ of habeas corpus, which alleges the same grounds for relief as those presented in state court.

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

Where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

I

First, Petitioner argues that in calculating his sentencing guidelines the trial court erred by scoring fifteen points for "predatory conduct" towards the victim under Offense Variable (OV) 15 of the Michigan Sentencing Guidelines. Generally, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07

3

(E.D. Mich. 1987).

Petitioner also contends that the trial court relied on inaccurate information at sentencing. A sentence imposed on the basis of material "misinformation of constitutional magnitude" may violate due process under some circumstances. *Roberts v. United States*, 445 U.S. 552, 556 (1980) (citation omitted). A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).

Although Petitioner disagrees with the scoring of fifteen points for OV-10, he did not specifically identify the allegedly incorrect information upon which the score was based. Moreover, the record demonstrates that he and defense counsel had an opportunity to challenge the pre-sentence report and to contest the scoring of the prior record variables, the offense variables, and other relevant factors during the sentencing proceedings, but elected not to do so. Thus, habeas relief is not warranted on this claim.

II

Petitioner next argues that the trial court based his sentence upon facts that were not admitted by him and not submitted to a jury in violation of *United States v. Booker*, 543 U.S. 220, (2005), *Blakely v. Washington*, 542 U.S. 296, (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Michigan has an indeterminate sentencing system for most crimes, including first-degree criminal sexual conduct. The maximum term of imprisonment is set by law. *People v. Drohan*, 715 N.W.2d 778, 789 (Mich. 2006).

4

In *Blakely v. Washington*, the Supreme Court explained that indeterminate sentencing systems do not implicate the Sixth Amendment in the same way as determinate schemes:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

542 U.S. at 308-09.

While judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum," *Apprendi*, 530 U.S. at 490, the sentencing court did not exceed the statutory maximum for Petitioner's crime in this case. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate the petitioner's constitutional rights. *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009).[1] Thus, habeas relief is not

---

[1] The Supreme Court has granted certiorari in a case involving fact-finding that increased a defendant's minimum sentence. *United States v. O'Brien*, - - - U.S. - - -, 130 S. Ct. 49, 174 L.Ed.2d 632 (2009). However, the outcome of *O'Brien* is unlikely to impact this case. In *Arias v. Hudson*, the Sixth Circuit Court of Appeals addressed a case similar to the instant case and reached the following conclusion regarding the potential impact of *O'Brien*:

> [T]his Sixth Amendment reality remains: At the time the judge imposed [the petitioner's] sentence, the Supreme Court treated judicial fact-finding differently depending on whether it affected the minimum sentence faced by a defendant or the maximum sentence for which the defendant was eligible. Because the courts have not treated *Blakely* or *United States v. Booker*, 543 U.S. 220 (2005), as changes in law that should be applied retroactively to cases whose direct appeal concluded before their announcement, we see little prospect that the

5

warranted on this claim.

III

Finally, Petitioner argues that the trial court abused its discretion in sentencing him to a maximum term of thirty years' imprisonment because the sentence was disproportionate. The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). "The Supreme Court has articulated a 'narrow proportionality principle' whereby it held that only 'extreme sentences that are grossly disproportionate to the crime are prohibited.' " *United States v. Flowal*, 163 F.3d 956, 963 (6th Cir. 1998) (quoting *Harmelin*, 501 U.S. at 995-97); *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999).

In the present case, Petitioner's sentence, imposed in part due to his status as a habitual offender, is not grossly disproportionate to the crime committed. Further, this Court defers to the decision of the state court as the sentences fall within the applicable guidelines range. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum . . .

---

courts will apply any such (potential) change in the law retroactively to [the petitioner]. *Cf., e.g.*, *Duncan v. United States*, 552 F.3d 442, 447 (6th Cir. 2009) (holding that *Booker* does not apply retroactively to cases pending at the time of *Blakely*).

589 F.3d 315, 318 (6th Cir. 2009).

generally does not constitute cruel and unusual punishment.") (quotation omitted). Although the maximum punishable period for unarmed robbery is fifteen years pursuant to Mich. Comp. Laws § 750.530(1), Petitioner is a third habitual offender with previous armed robbery and felony firearm convictions in 1996. Under Michigan's habitual offender laws, a defendant convicted of two or more previous felonies may be sentenced to a maximum term that is not more than twice the maximum term for the offense. Mich. Comp. Laws § 769.11. Therefore, a thirty year maximum sentence is within the statutory maximum for a third habitual offender and is not grossly disproportionate to his conviction. Thus, habeas relief is not warranted on this claim.

IV

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's ruling debatable. No COA is warranted in this case and any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the habeas petition [Dkt. # 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: April 6, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 6, 2010.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS